IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 1:20-cr-00010 |
| v. | ) |
| | ) PRELIMINARY ORDER OF |
| CASEY RAY GANTT, | ) FORFEITURE |
| | ) |
| Defendant. | ) |

On review of the United States' Motion for Preliminary Order of Forfeiture, IT IS HEREBY ORDERED THAT:

1. The Court's authority in this matter is founded upon 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2.

2. Based on the Defendant's guilty plea and consent to forfeiture, the Defendant's interest in the following property is hereby preliminarily forfeited to the United States:

**$4,662 in United States currency.**

3. Upon the entry of this Order, the United States is authorized to seize the above-listed property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the

subject property. Electronic notice of the Preliminary Order of Forfeiture is sufficient to apprise any co-defendants of their right, if any, to contest the forfeiture as third-parties.

6. Any person, other than the above-named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject property, and for an amendment of the order of forfeiture under 21 U.S.C. § 853(n)(2).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), the Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing or at any time before sentencing if the Defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), though the Court may elect to enter a separate Final Order of Forfeiture documentating the conclusion of the forfeiture proceedings.

8. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth:

   a. the nature and extent of the petitioner's right, title, or interest in the subject property;

   b. the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property;

   c. any additional facts supporting the petitioner's claim; and

   d. the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules

of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

Dated this ___ day of _____, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA